UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CYMEYON HILL,

    Plaintiff,

v.

TYLER, et al.,

    Defendants.

No. 2:17-cv-1334-EFB P

ORDER GRANTING IFP AND DISMISSING COMPLAINT WITH LEAVE TO AMEND PURSUANT TO 28 U.S.C. § 1915(e)(2)

Plaintiff is civilly committed and in the custody of the California Department of Corrections and Rehabilitation. He proceeds without counsel in an action purportedly brought under 42 U.S.C. § 1983. In addition to filing a complaint, he has filed an application for leave to proceed in forma pauperis pursuant to 28 U.S.C § 1915, and a request for the appointment of counsel. Plaintiff's application for leave to proceed in forma pauperis will be granted, the request for counsel will be denied, and the court will screen his complaint pursuant to 28 U.S.C. § 1915(e)(2).[1]

**I.    Screening Requirement and Standards**

Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss a case at any time if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

---

[1] At this early stage in the proceedings, it is not clear whether plaintiff is a "prisoner" within the meaning of 28 U.S.C. § 1915A(c).

1

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**II.   Screening Order**

The court has reviewed plaintiff's complaint (ECF No. 1) pursuant to § 1915(e)(2) and finds that it must be dismissed with leave to amend. In the first and second claims for relief, plaintiff alleges that Officers Tora and Mott saw him attempt suicide by consuming 40 naproxen pain relief pills. Plaintiff apparently did this repeatedly, as he alleges that "each time[,]" Drs. Witter and Filder sent him back to his cell and that "staff" refused to place him in a mental health crisis bed even though he was clearly suicidal. ECF No. 1 at 3, 4. He claims that Witter and Felder had a "malicious intent" and did not want to "follow policy . . . ." *Id.* at 4. In his third

claim for relief, plaintiff complains that Officer Darling improperly disposed of plaintiff's property, including books and mail, in an attempt to prevent plaintiff from filing a civil rights lawsuit.

First, the allegations regarding plaintiff's suicide attempts are too vague and conclusory to state a cognizable Eighth Amendment claim. To succeed on an Eighth Amendment claim predicated on the denial of medical care, a plaintiff must establish that he had a serious medical need and that the defendant's response to that need was deliberately indifferent. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A serious medical need exists if the failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain. *Jett*, 439 F.3d at 1096. Deliberate indifference may be shown by the denial, delay, or intentional interference with medical treatment, or by the way in which medical care is provided. *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988). To act with deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847.

Here, plaintiff alleges that he had a serious medical need, but fails to show how any particular defendant responded to that need with deliberate indifference. For example, plaintiff does not allege what Officers Tora and Mott did or did not do in response to plaintiff's attempted suicides, or how their responses caused him harm. In addition, it is not clear whether plaintiff received any form of medical care following his suicide attempts, or what policy Drs. Witter and Filder were purportedly trying to circumvent by returning plaintiff to his cell. In an amended complaint, plaintiff must allege what each specific defendant did or did not do that exposed him to a substantial risk of serious harm, and how their acts or omissions actually harmed him.

Second, the allegations regarding Darling's improper confiscation of plaintiff's property fail to state a cognizable due process claim or access to the courts claim. A deprivation of personal property is not actionable as a due process claim under section 1983 where the

3

deprivation is the result of random and unauthorized action (as opposed to an established state procedure), and the state provides an adequate post-deprivation remedy. *Hudson v. Palmer*, 468 U.S. 517, 532-33 (1984). California provides an adequate post-deprivation remedy through its Government Claims Act. *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (per curiam). Moreover, an access to the claim requires a showing that the defendant actually injured the plaintiff's litigation efforts, in that the defendant hindered his efforts to bring, or caused him to lose, an actionable claim challenging his criminal sentence or conditions of confinement. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996); *Christopher v. Harbury*, 536 U.S. 403, 412-15 (2002).

Regardless, the allegations against Darling and his confiscation of plaintiff's property cannot properly be joined in this action with the allegations against other defendants regarding plaintiff's medical needs. The Federal Rules of Civil Procedure do not allow a claimant to raise unrelated claims against different defendants in a single action. Instead, a plaintiff may add multiple parties where the asserted right to relief arises out of the same transaction or occurrence and a common question of law or fact will arise in the action. *See* Fed. R. Civ. P. 20(a)(2). Unrelated claims involving different defendants must be brought in separate lawsuits.[2]

**III.    Leave to Amend**

Plaintiff will be granted leave to file an amended complaint in order to cure the deficiencies in his Eighth Amendment deliberate indifference to medical needs claims. Any amended complaint must also adhere to the following requirements:

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v.*

---

[2] A plaintiff may properly assert multiple claims against a single defendant. Fed. Rule Civ. P. 18. In addition, a plaintiff may join multiple defendants in one action where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Unrelated claims against different defendants must be pursued in separate lawsuits. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). This rule is intended "not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees – for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." *Id.*

4

*Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

It must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Plaintiff is cautioned that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* E.D. Cal. L.R. 110.

**IV.     Request for Appointment of Counsel**

Plaintiff requests that the court appoint counsel. That request is denied. 28 U.S.C. § 1915(e)(1) authorizes the appointment of counsel to represent an indigent civil litigant in certain exceptional circumstances. *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir.1991); *Wood v. Housewright*, 900 F.2d 1332, 1335–36 (9th Cir.1990); *Richards v. Harper*, 864 F.2d 85, 87 (9th Cir.1988). In considering whether exceptional circumstances exist, the court must evaluate (1) the plaintiff's likelihood of success on the merits; and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Terrell*, 935 F.2d at 1017. Having considered those factors, the court finds there are no exceptional circumstances in this case.

/////

/////

**V. Summary of Order**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is granted.
2. The complaint is dismissed with leave to amend within 30 days. The complaint must bear the docket number assigned to this case and be titled "Amended Complaint." Failure to comply with this order may result in dismissal of this action for failure to prosecute and failure to state a claim. If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.
3. Plaintiff's request for the appointment of counsel (ECF No. 7) is denied without prejudice.

Dated: July 10, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE